IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DENNIS SISNEROS,

        Plaintiff,

v.                                  No. 1:09-cv-00213-JB-ACT

MICHAEL FISHER, et al.,

        Defendants.

## MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PLAINTIFF'S PRIOR AND SUBSEQUENT CRIMINAL HISTORY

**COMES NOW** the Plaintiff, Dennis Sisneros, by and through his attorney of record, The Law Offices of Robert R. Cooper, by Ryan J. Villa, and pursuant to Federal Rules of Evidence 402, 403, 404, 608 and 609, and hereby moves the Court to exclude evidence of Mr. Sisneros's prior criminal history.

Mr. Sisneros's complaint alleges federal civil rights and state law tort claims violations arising from damages he suffered as a result of his arrest on June 17, 2006. A substantial portion of Mr. Sisneros's damages arise from the six-day incarceration period served after his arrest, which ultimately lead to, among other things, termination of employment and emotional distress. Mr. Sisneros has the following criminal history aside from the arrest and charges that are the subject of this lawsuit:

Date: July 1997
Court / Cause No.:  Taos Magistrate / M-53-VR-63
Charge: Battery Against a Household Member
Location:  Taos
Disposition:  Dismissed

Date:  June 1999
Court / Cause No.:  Taos Magistrate / M-53-DR-9900075
Charge:  DUI, Failure to Maintain Traffic Lane, Open Container
Location:  Taos

<u>Disposition</u>:  Guilty Plea

<u>Date</u>:   December 2001
<u>Court / Cause No.</u>:  Bernalillo County Metropolitan Court / DV 537001
<u>Charge</u>:  Aggravated Battery Against a Household Member; Failure to Appear in Court - arrested
<u>Location</u>:  Albuquerque
<u>Disposition</u>:  Batter – dismissed; Failure to Appear – guilty

<u>Date</u>:  April 2002
<u>Court / Cause No.</u>:  Bernalillo County Metropolitan Court / TR 2619402
<u>Charge</u>:  Driving on Suspended License; Improper Use of Registration; No Car Insurance
<u>Location</u>:  Albuquerque
<u>Disposition</u>:  Suspended License – deferred; Registration – guilty; Insurance – guilty

<u>Date</u>:  May 2003
<u>Court / Cause No.</u>:  Bernalillo County Metropolitan Court / MR 184003
<u>Charge</u>:  Larceny / Shoplifting
<u>Location</u>:  Albuquerque
<u>Disposition</u>:  dismissed

<u>Date</u>:  July 2003
<u>Court / Cause No.</u>:  Bernalillo County Metropolitan Court / TR 3175203
<u>Charge</u>:  Driving on Suspended License; No Car Insurance
<u>Location</u>:  Albuquerque
<u>Disposition</u>:  Suspended License – guilty; Insurance – dismissed

<u>Date</u>:  March 2004
<u>Court / Cause No.</u>:  Gallup Magistrate / M-35-TR-200401313
<u>Charge</u>:  Driving on Suspended/Revoked License
<u>Location</u>:  Gallup
<u>Disposition</u>:  dismissed

<u>Date</u>:  April 2004
<u>Court / Cause No.</u>:  Santa Fe Magistrate / M-49-TR-200403115
<u>Charge</u>:  Driving on Suspended/Revoked License
<u>Location</u>:  Santa Fe
<u>Disposition</u>:  no contest

<u>Date</u>:  July 2005
<u>Court / Cause No.</u>:  Bernalillo County Metropolitan Court / CR 1274005
<u>Charge</u>:  Larceny / Shoplifting - arrested
<u>Location</u>:  Albuquerque
<u>Disposition</u>:  guilty

<u>Date</u>:  January 2007
<u>Court / Cause No.</u>:  Bernalillo County Metropolitan Court / TR 467407

Charge:  Vehicle Insurance
Location:  Albuquerque
Disposition:  dismissed

Date:  March 2007
Court / Cause No.:  Bernalillo County Metropolitan Court / T-4-DR-701256
Charge:  DUI; Failure to Maintain Lane; Vehicle Insurance; Contempt (4)
Location:  Albuquerque
Disposition:  DUI – guilty; Failure to Maintain Lane – dismissed; Insurance – dismissed;
Contempt (4) – guilty

Date:  November 2007
Court / Cause No.:  Espanola Magistrate / M-43-MR-200700955
Charge:  Driving on Suspended/Revoked License
Location:  Espanola
Disposition:  guilty

Date:  December 2007
Court / Cause No.:  Espanola Magistrate / M-43-TR-200702673
Charge:  Failure to Use Turn Signal; Vehicle Insurance; Open Container
Location:  Espanola
Disposition:  Turn Signal – guilty; Insurance – guilty; Open Container – guilty

Date:  October 2008
Court / Cause No.:  Bernalillo County Metropolitan Court / DV 420808
Charge:  Battery; Failure to Appear in Court
Location:  Albuquerque
Disposition:  Battery – dismissed; Failure to Appear – dismissed

Date:  October 2008
Court / Cause No.:  Bernalillo County Metropolitan Court / CR 2061608
Charge:  Driving on Revoked License; Failure to Appear in Court - arrested
Location:  Ranchos de Taos
Disposition:  Revoked License – no citation received; Failure to Appear – dismissed

    For the July 1997 domestic violence arrest and charge, Mr. Sisneros testified in his

deposition that he may have spent the night in jail.  *See* Deposition of Dennis Sisneros, *attached*

*hereto as* **Exhibit 1**, 16:1-25 – 17:1-21.  For the June 1999 DWI charge, Mr. Sisneros also spent

a night in jail.  *Id.* at 18:2-15.  For the December 2001 domestic violence charge, Mr. Sisneros

spent a portion of an evening in jail before posting bond.  *Id.* at 19:1-25, 20:1-16.  With respect

to the April 2002 driving on suspended license case, the May 2003 larceny/shoplifting, the July

3

2003 driving on suspended license, the  March 2004 driving on suspended/revoked license, and the April 2004 driving on a suspended/revoked license, Mr. Sisneros did not have to serve any jail time.  *Id.* at 23:10-25 – 24:1-25, 25:1-25 – 26:1-2.  Mr. Sisneros was arrested for the July 2005 shoplifting, for which he spent approximately one day in jail.  *Id.* at 26:3-24.  For the January 2007, failure to have vehicle insurance citation, Mr. Sisneros did not recall whether he was arrested or just cited and released.  *Id.* at 27:14-18.  Mr. Sisneros was arrested for the March 2007 DUI, which was the case that was pending at the time of the arrest in this case,[1] however, he was released that night.  *Id.* at 28:3-19.  For the November 2007 driving on a revoked license, Mr. Sisneros spent approximately one day in jail.  *Id.* at 29:1-15.  For the remainder of the charges listed above, Mr. Sisneros either did not go to jail or did not spend more than one day in jail.  *Id.* at pp. 29-30.

I.    **Mr. Sisneros's criminal history is irrelevant, and any relevance that some of the history may have is inadmissible pursuant to Federal Rules of Evidence 403 and 404.**

Relevant evidence is evidence that has a "tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence."  Fed.R.Evid. 401.  Evidence that is not relevant is inadmissible.  Fed.R.Evid. 402.  Rule 404 limits the admissibility of certain evidence of character to demonstrate propensity to do a certain act, but allows for certain prior acts to be admitted for other purposes.  This type of evidence, even if relevant, "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Fed.R.Evid. 403.  The term "unfair prejudice," as used in Rule 403,

---

[1] *See* Motion in Limine to Exclude Evidence of Case that Was Pending When Mr. Sisneros Was Arrested, doc. no. 57.

"refers to relevant evidence that has 'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily an emotional one.'" *Stump v. Gates*, 211 F.3d 527, 538 (10th Cir. 2000) (citing Fed. R. Evid. 403 Advisory Comm. n.).  The Supreme Court points out that it is "clear that what counts as the Rule 403 'probative value' of an item of evidence…may be calculated by comparing evidentiary alternatives."  *Old Chief*, 519 U.S. at 184.

The United States Supreme Court, for example, has held that when a party agrees to the admission of general evidence that an individual has a prior conviction, it is an abuse of discretion to allow evidence of the name or nature of the prior offense where such evidence may raise the risk of a verdict tainted by improper considerations and where the purpose of the evidence is merely to prove the general existence of a conviction.  *See Old Chief v. United States*, 519 U.S. 172, 174 (1997).  The Tenth Circuit has similarly held that, while a prior conviction might be material to a case, the nature and underlying circumstances may "tend only to color the jury's perception of the defendant's character, thereby causing unnecessary prejudice" to the party against whom the evidence is offered.  *Wacker*, 72 F.3d at 1472.

Rule 609 allows for certain criminal convictions to be admitted to "attack[ ] the character for truthfulness of a witness." Fed.Rules Evid. Rule 609.  Rule 609(a)(1) permits evidence of a conviction for a felony offense.  None of the above cases involved felony charges and thus are not admissible under Rule 609(a)(1).  Rule 609(a)(2) sets forth that "evidence that any witness has been convicted of a crime shall be admitted regardless of the punishment, if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness.  All of the cases listed above, wherein the charges were dismissed, do not satisfy Rule 609, as the plain language of the rule clearly requires a "conviction."  Those where convictions were obtained, will be addressed below in subsection E.

Finally, Rule 608(b) permits evidence of specific instances of conduct, so long as those instances demonstrate character for truthfulness or untruthfulness

Generally, the majority of Mr. Sisneros's criminal history is irrelevant and any such evidence should not be elicited in any manner during trial for any reason.  Plaintiff submits that Defendants may attempt to introduce evidence of his criminal history for a few specific reasons, including: (A) to demonstrate that he should have known that Defendant Fisher was a police officer, when he initially seized him; (B) to explain the amount of bond Plaintiff had to pay to be released from custody, which is a claimed area of damages; (C) to explain the hold that was placed on Plaintiff at the time he was arrested in this case; (D) to demonstrate that the damages suffered from being incarcerated, such as loss of liberty and emotional distress were not as serious to Plaintiff because he had previously been incarcerated, and (E) to impeach his credibility.  Any minimal relevancy Plaintiff's criminal history may have to any of these issues, is substantially outweighed by the danger of unfair prejudice and the jury should not be permitted to hear this evidence.

**A.    Mr. Sisneros's criminal history is not admissible to demonstrate he should have known Defendant Fisher was a police officer at the time Fisher was detaining and arresting him because it is not relevant and, if it were, it should be excluded pursuant to Rule 403.**

Defendants may seek to introduce evidence of Plaintiff's criminal history to attempt to demonstrate that Plaintiff's testimony that when Defendant Fisher initially seized and detained him, he did not know Defendant Fisher was a police officer.  *See generally*, Plaintiff's Motion to Preclude Certain Expert Opinion Testimony of Defendant's Expert John Ryan, subsection (I)(G), at p. 21, doc no. 37.  Notwithstanding that the record is well-established that Defendant Fisher was wearing street clothes and was riding in his private vehicle, and that Plaintiff testified that during the course of Fisher's detention of him, he realized Fisher was a police officer, Plaintiff's

criminal history is simply irrelevant.  Whether Plaintiff knew, at any time, Defendant Fisher was a police officer, is not relevant to any of the elements of Plaintiff's claims or any of Defendant's defenses.  Even if the issue of Plaintiff's knowledge of Fisher's status as an officer at the time he is seized and detained has some probative value, it is minimal at best.  That being the case, the probative value of his prior criminal history at that time is even less and is far outweighed by the danger of unfair prejudice, confusion of the issues and misleading the jury and should therefore be excluded.

   **B.     The probative value Mr. Sisneros's criminal history has to the amount of bond paid upon his release both for the charges in this case and for the violation of conditions of release is substantially outweighed by the danger of unfair prejudice.**

   Mr. Sisneros seeks to claim as damages in this cause, the amount of money paid to bondsmen for bail that resulted from the arrest in this case.  Upon arrest and charging in this case, a bond was set at $750 cash or surety.  Mr. Sisneros paid $75 to a bondsman to secure his release.  As discussed in Plaintiff's Motion in Limine to Exclude Evidence of Case that Was Pending When Mr. Sisneros Was Arrested, doc. no. 57, Plaintiff's arrest in this case also caused a hold to be placed on him in his pending misdemeanor case.  In removing the hold from his pending case that was created by his arrest in this case, the judge in the pending case issued a new bond for Mr. Sisneros in the amount of $1000 cash or surety.  Mr. Sisneros paid $100 to a bondsman to secure his release.  Thus, if Plaintiff's arrest in this case was illegal, the money paid for both bonds, a total of $175 would arguably be recoverable.

   While criminal history can affect the amount of bond set in a case, given the low bonds in this case and the danger of unfair prejudice that could occur from a jury hearing about prior criminal history, the evidence should be excluded under Rule 403.  Even if the judges who set Mr. Sisneros's bonds took into account any of the previous criminal history, it likely had a very

minimal effect on the amount of the bond.  Given that Mr. Sisneros only had to pay 10 percent of

those bonds, the amount of money he actually paid would be even less affected by his criminal

history.  Given the very minimal probative value of the criminal history to the amount actually

paid by Mr. Sisneros, the extreme danger of prejudice from hearing about prior criminal history

far outweighs the probative value.  Accordingly, criminal history should not be admitted for the

purpose of showing that Mr. Sisneros's bond might have been lower if he had less criminal

history.  Alternatively, should the Court find the criminal history relevant for this purpose,

Plaintiff should be permitted the opportunity to stipulate that no evidence of any damages for

payment of bonds will be introduced at trial.

**C.**     **Mr. Sisneros's criminal history, other than his pending misdemeanor, is not relevant to the hold that was placed on him as the result of the arrest and charges in this case.**

Plaintiff's expert, Ousama Rasheed, has opined that Plaintiff's hold in his pending DWI

case was caused exclusively by his arrest and charges that are the subject of this lawsuit.  *See*

Opinion/Report of Ousama M. Rasheed, at 3, attached as Exhibit 11 to Plaintiff's Response to

Defendant's Motion for Summary Judgment, doc. no. 40.  As Mr. Rasheed explains in his report,

a hold is placed in the pending case automatically upon a new arrest, because that new arrest,

whether legal or not, is considered a violation of conditions of release in the pending case.  *Id.*

Other than Mr. Sisneros's pending charge, his other criminal history has no relevance to the hold

and should therefore be excluded from evidence for this purpose.

**D.**     **Any minimal probative value that Mr. Sisneros's criminal history may have to show that the emotional damages suffered from his time incarcerated and the resulting criminal charges in this case were not as serious or substantial is far outweighed by the danger of unfair prejudice.**

Counsel for Mr. Sisneros anticipates that Defendants will attempt to use his past criminal

history, which included some, minimal time in jail, to place into question the amount of

emotional suffering Mr. Sisneros experienced from being imprisoned in the present matter. Preliminarily, Plaintiff notes that this is squarely an issue on damages, and has no bearing on liability.  While the experience of incarceration may be less distressing after the first time depending on the individual, the experience of incarceration *unlawfully* does not.  Undoubtedly, even one who readily admits to his crimes still suffers some level of emotional distress as a result of incarceration for those crimes.  That type of emotional distress is appreciably different, however, than in the case of a wrongful incarceration.

It is precisely the emotional distress that comes from being *unjustly* incarcerated—the unreasonable loss of liberty protected by the Fourth Amendment—for which Plaintiff is seeking damages.  In none of Plaintiff's prior incarcerations has he ever claimed it was done so wrongfully at the hands of the government.  Thus, should the jury find liability and consider the issue of damages, Plaintiff's prior criminal history has no relevance to the emotional distress he suffered from his *illegal* incarceration.  Further, in all of Mr. Sisneros's prior cases, he spent a day or less in jail, whereas here he spent approximately 6 days.  This is markedly different, especially considering this time spent in custody was unnecessary if Mr. Sisneros was in fact illegally arrested, an issue the jury would have to necessarily decide if considering emotional distress damages.

This Court's prior ruling in a similar case supports Plaintiff's position that any minimal probative value that *legal* incarceration may have to *illegal* incarceration, is substantially outweighed by the danger of unfair prejudice.  In *Pedroza v. Lomas Auto Mall, Inc.*, 2009 WL 1325440 (D.N.M.) plaintiffs brought suit against a car dealership for a vehicle they purchased which plaintiffs alleged had a salvage title and an undisclosed damaged axle. *Id*. at 1.  The defendants in *Pedroza* argued that they should be able to question one of the plaintiff's about,

among other upsetting events, several prior convictions in order to bring into question plaintiff's emotional damages claims. *Id*. at 6.  Among the convictions the defendants wished to introduce was a burglary charge for which the plaintiff received a deferred sentence. *Id*. at 2-5.  This Court disagreed with Defendants' position, however, and found that an inquiry into prior convictions to refute plaintiff's damages claims was barred by Rule 403. *Id*. at 6.  The past incidents did not involve conduct similar to the present alleged conduct, and although the convictions were arguably relevant in the sense that they were all potentially events causing stress, "the emotional distress from those situations ha[d] little to say about what [Plaintiff] ha[d] experienced in this particular case." *Id*.

Time spent in custody that resulted from legitimate government action wherein probable cause existed to arrest is simply too disconnected from the illegal detention and arrest Mr. Sisneros experienced in this case.  As in *Pedroza*, no logical connection exists between the prior history and the present case.  The only relevancy or similarity between the two is that they are both generally stressful situations.  The Court in *Pedrazo* also noted that plaintiff's convictions and current litigation were "distant in time" as the burglary and other convictions occurred several years prior to the current litigation.  *Id*. at 2.  Events occurring before or after events in the present case "become less probative of a person's reaction because people themselves may change" and they way they handle even similar situations are likely to change.  *Id*. at 6. Following this reasoning, Mr. Sisneros's prior, brief incarcerations that were based on probable cause are of minimal probative value in gauging the level of stress Mr. Sisneros experienced in the present case.  "What happened because of the events in this case is what is important.  Other stressful events have little to say on that topic." *Id*. at 7.

In addition to determining that Plaintiff's prior convictions had minimal probative value,

the Court in *Pedrazo* emphasized the serious risk of unfair prejudice the admission of such prior convictions may have on the party to whom they are being admitted against. *Id.* at 7. Additionally, "bringing all these past events into an already lengthy trial poses a substantial chance of derailing the trial and creating a trial within a trial on numerous tangential concerns." *Id.* In addition to extending the trial, admission of prior incarcerations may lead to juror confusion of the issues. *Id.* The concerns above are mirrored in the present case, where jurors' impressions of Mr. Sisneros would unnecessarily be affected by hearing of prior incarcerations or criminal prosecutions. Undoubtedly, such evidence may creep into the jury's assessment of liability. Given the minimal probative value it would have to damages, this risk is too high and the Court should exclude such evidence.

Finally, Plaintiff's chief emotional distress claim is that his daughters were left stranded when he was arrested and he did not know what happened to them. Prior incarcerations have no bearing on this emotional distress. Should the Court rule that all prior incarcerations are relevant, Plaintiff is willing to stipulate that he will only present emotional distress damages resulting from his daughters being stranded, and not simply from being illegally imprisoned.

### E.    Mr. Sisneros's shoplifting conviction is not relevant to untruthfulness under Rules 608 and 609.

While Rules 608 and 609 permit certain evidence of crimes or acts of dishonesty, those acts must actually be of the type that would demonstrate untruthfulness. The criminal complaint for Mr. Sisneros's 2005 Shoplifting (under $100) indicates that Mr. Sisneros apparently went to Home Depot where he put an aluminum hawk and a trowel in his cart and then covered the items with bags of plaster. *See* Criminal Complaint, attached hereto as **Exhibit 2**. He apparently then paid for only the plaster and attempted to leave the store without paying for the other items. *Id.*

As this Court has pointed out in *Pedroza*, the Tenth Circuit has rejected a categorical

approach that would define all shoplifting convictions as crimes of dishonesty. In *United States v. Dunson*, the Tenth Circuit affirmed a district court's exclusion of shoplifting evidence under rule 609(a)(2), because shoplifting is not automatically a crime of dishonesty. 142 F.3d 1213, 1215 (10th Cir.1998) (*citing United States v. Mejia-Alarcon*, 995 F.2d 982 (10th Cir.1993)).   In *Pedroza*, this Court stated:

> With respect to whether theft is probative of dishonesty, the Court sees no difference between rule 609(a)(2) and rule 608(b). While stealing, in the right circumstances, might help show untruthfulness, stealing rims from a trunk is a straightforward theft devoid of any sort of indication of dishonesty or false statements. It is not probative of untruthfulness and not a proper subject for cross-examination under rule 608(b).

2009 WL 1325440, at 5.   Mr. Sisneros's theft was no different.   It appears simply to be a straightforward act of stealing and thus is not probative of untruthfulness for either Rule 609 or 608.   As discussed above, none of Mr. Sisneros's other prior criminal charges fit within either Rule 608 and 609, and are thus not admissible under those rules.

**CONCLUSION**

For all of the foregoing reasons, the Court should exclude any and all evidence, testimony, or argument regarding Mr. Sisneros's criminal history.

Electronically Submitted,
The Law Offices of Robert R. Cooper

 _/s/ Ryan J. Villa_
RYAN J. VILLA
Counsel for Plaintiff
1011 Lomas Blvd. NW
Albuquerque, New Mexico  87102
(505) 842-8494
ryan@rrcooper.com

**CERTIFICATE OF SERVICE**

I hereby certify that on February 9, 2010, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic

means, as more fully reflected on the Notice of Electronic Filing:

Deborah D. Wells
Kennedy, Moulton & Wells, P.C.
Attorneys for Defendants
2201 San Pedro NE, Bldg. 2, Suite 105
Albuquerque, NM 87110-4133
ddwells@kmwpc.com


 /s/  Ryan J. Villa
RYAN J. VILLA