**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

DENNIS SISNEROS,

Plaintiff,

vs. No. CIV 09-0213 JB/ACT

MICHAEL FISHER, in his individual capacity,
and THE COUNTY OF BERNALILLO,

Defendants.

**ORDER**

**THIS MATTER** comes before the Court on the Plaintiff's Motion to Preclude Certain Expert Opinion Testimony of Defendant's Expert John Ryan, filed November 16, 2009 (Doc. 37). The Court held a hearing on February 2, 2010. The primary issue is whether and to what extent the Court should restrict the testimony of Defendants Michael Fisher and the County of Bernalillo's expert witness, John Ryan. Because the Defendants have stipulated to restricting Ryan's testimony in the manner that Plaintiff Dennis Sisneros requests, the Court will grant the motion as the parties have stipulated.

At the hearing on this motion, Deborah Wells, the Defendants' attorney, listed the aspects of Sisneros' motion to which she stipulated.

> MS. WELLS: Okay. We'll stipulate that Mr. Ryan is not going to frame any of his testimony in reference to national or generally recognized practices; that he will not couch his testimony or cast opinion testimony in terms of whether Deputy Fisher acted reasonably; that he will not be testifying as to any causation on the six-day incarceration with regard to Mr. Rasheed's report; that he will not be testifying [about] foreseeability or independent intervening causes.

Transcript of Hearing at 2:15-23 (taken February 2, 2010)(Wells)("Tr."). Ms. Wells further stated:

"My plan was never to have Mr. Ryan comment on the credibility of any of the witnesses; so, no, he won't be doing any of that." Tr. at 3:11-13 (Wells).

The Court then walked the parties through the limitations on Ryan's testimony that Sisneros sought in his motion. The parties appear to agree as to what opinions Ryan will not be giving, and it appears that the Defendants stipulate to the entirety of Sisneros' motion. See id. at 3:3-5:15 (Court, Wells, Villa). Ms. Wells then took the extra step of walking the Court and Mr. Villa through the opinions that she intends for Ryan to proffer at trial. See id. at 5:17-7:3 (Court, Wells, Villa).

> Mr. Ryan would testify on his training and experience, not on any national recognized standards, not on any BCSD training on policies or procedures, that officer Kees had probable cause to make the arrest; Fisher had reasonable suspicion to detain; the appropriateness of the duration of Fisher's detention; any excessive force questions on behalf of Fisher, because while I recognize the constitutional excessive force is out, the state excessive force is still in; officer safety issues; the appropriateness of Fisher waiting for APD and off-duty and on-duty arrests; [and] the hypotheticals regarding any evidence that might come out at trial, which I'm sorry I can't detail at this point until I actually see what is presented at trial.

Id. at 5:24-6:11 (Wells). Ms. Wells further clarified that Ryan would testify, with respect to on-duty and off-duty officers, to "[t]he practice of an off-duty officer calling the jurisdictional on-duty officers to take over the investigation after a detention." Id. at 6-20:23 (Wells). Mr. Villa found the proposed testimony acceptable. See id. at 6:24 (Villa)("I think that's fine, Judge."). The Court will therefore grant the motion and limit Ryan's testimony as agreed by the parties during the hearing.

**IT IS ORDERED** that the Plaintiff's Motion to Preclude Certain Expert Opinion Testimony of Defendant's Expert John Ryan is granted.

James O. Browning

UNITED STATES DISTRICT JUDGE

*Counsel*:

Robert R. Cooper
Ryan J. Villa
The Law Offices of Robert R. Cooper
Albuquerque, New Mexico

*Attorneys for the Plaintiff*

Deborah D. Wells
Kennedy, Moulton & Wells, P.C.
Albuquerque, New Mexico

*Attorney for the Defendants*