IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DENNIS SISNEROS,

    Plaintiff,

vs.                                                        No. CIV 09-0213 JB/ACT

MICHAEL FISHER, in his individual capacity,
and THE COUNTY OF BERNALILLO,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendants' Motion in Limine #2 -- Rhiannon Salazar and Denise Sisneros, filed February 9, 2010 (Doc. 54). The Court held a hearing on February 19, 2010. The primary issue is whether and to what extent the Court should limit the trial testimony of Rhiannon Salazar and Denise Sisneros, daughters and witnesses of Plaintiff Dennis Sisneros. Because the Court finds that the testimony which Defendants Michael Fisher and the County of Bernalillo seek to limit is relevant to the issues involved in this case, the Court denies the motion.

**PROCEDURAL BACKGROUND**

This case is set for trial on Monday, February 22, 2010. In preparation for trial, the Defendants filed this motion in limine to limit the testimony of Salazar and Denise Sisneros, Mr. Sisneros' daughters. See Motion at 1, 3. In generally, the Defendants argue that neither daughter has knowledge of the events involved in this case -- they were not listening to any conversation between Sisneros and his friend, David Trujillo, on their drive from Taos, New Mexico, to

Albuquerque, New Mexico, and were not present when the alleged unlawful arrest occurred. See id. at 3, 5. The Court construes this as an objection to relevance under rule 402 of the Federal Rules of Evidence. In his response, Mr. Sisneros argues that the testimony is relevant to establish his emotional distress damages based on his concern for leaving his daughters stranded and to corroborate his testimony about the events leading up to his arrest. See Response to Motion in Limine #2 -- Rhiannon Salazar and Denise Sisneros, filed February 16, 2010 (Doc. 67).

At the hearing, Deborah Wells, the Defendants' attorney, clarified the scope of the daughters' testimony about which she is concerned. She argued that she does not want the daughters' testimony to go into details about how they felt, or how they reacted when Sisneros was arrested or when they learned that Sisneros was arrested. See Transcript of Hearing at 5:4-15 (taken February 19, 2010)(Wells)("Tr.").[1] She insisted that the daughters' testimony goes only to their emotional distress, not that of Mr. Sisneros, because Mr. Sisneros was not aware of his daughters' reaction during the period for which he seeks emotional distress damages. See Tr. at 6:19-8:17 (Court, Wells, Villa). Finally, Ms. Wells raised a concern whether rule 32(a) of the Federal Rules of Civil Procedure allows Sisneros to present the testimony of Denise, the younger daughter, when Rhiannon, the older daughter, would testify in person. She conceded that both witnesses lived more than 100 miles from the courthouse, and thus qualified as unavailable for the purpose of rule 32, see Tr. at 14:2-5 (Wells), but argued that, because both daughters live in the same place and one of them will be showing up in person, there is no reason that the Court should allow one sister to testify by

---

[1] The citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may have slightly different page and/or line numbers.

deposition, see id. at 13:2-24 (Court, Wells, Villa).[2]

## RELEVANT LAW REGARDING USE OF DEPOSITION TESTIMONY AT TRIAL

Rule 32 states, in relevant part:

**(a) Using Depositions.**

> **(1)** *In General.* At a hearing or trial, all or part of a deposition may be used against a party on these conditions:
>
>> **(A)** the party was present or represented at the taking of the deposition or had reasonable notice of it;
>>
>> **(B)** it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying; and
>>
>> **(C)** the use is allowed by Rule 32(a)(2) through (8).
>
> * * * *
>
> **(4)** *Unavailable Witness.* A party may use for any purpose the deposition of a witness, whether or not a party, if the court finds:
>
>> **(A)** that the witness is dead;
>>
>> **(B)** that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition;
>>
>> **(C)** that the witness cannot attend or testify because of age, illness, infirmity, or imprisonment;
>>
>> **(D)** that the party offering the deposition could not procure the witness's attendance by subpoena; or
>>
>> **(E)** on motion and notice, that exceptional circumstances make it desirable -- in the interest of justice and with due regard to the importance of live testimony in open court -- to permit the deposition to be used.

---

[2] The Court does not interpret Ms. Wells' argument to be that "the witness's absence was procured by" Sisneros or his counsel. Fed. R. Civ. P. 32(a)(4)(B). If that is the Defendants' position, they should raise that issue directly.

> **(b) Objections to Admissibility.** Subject to Rules 28(b) and 32(d)(3), an objection may be made at a hearing or trial to the admission of any deposition testimony that would be inadmissible if the witness were present and testifying.

Fed. R. Civ. P. 32(a). In other words, provided that certain prerequisites are met, "[t]estimony obtained from depositions is admissible 'if rules of evidence permit.'" Reeg v. Shaughnessy, 570 F.2d 309, 317 (10th Cir. 1978). See Nationwide Life Ins. Co. v. Richards, 541 F.3d 903, 914 (9th Cir. 2008)("Under Rule 32(a)(4)(B) of the Federal Rules of Civil Procedure (formerly Rule 32(a)(3)(B)), a party may use the deposition of a witness at a hearing or trial if the court finds 'that the witness is more than 100 miles from the place of hearing or trial.'"). One of the criteria that can make deposition testimony inadmissible is that the deponent be located more than one hundred miles from the place where the hearing or trial is to be held. See Amos v. W.L. Plastics, Inc., No. 2:07-CV-49 TS, 2010 WL 257283, at *1 (D. Utah Jan. 15, 2010)("Here it is clear that Ms. Crabtree lives more than 100 miles from the place of trial. There is no indication that her absence was procured by Plaintiffs. Therefore, the Rule appears to be satisfied."). Ultimately, however, "[t]he admission of testimony in a deposition is within the sound discretion of the trial court." Reeg v. Shaughnessy, 570 F.2d at 317.

## ANALYSIS

After considering the briefing and the arguments at the hearing, the Court believes that the daughters' testimony is relevant. Upon the more narrow question of the relevance of the daughters' testimony about how they felt, the Court finds that the testimony is relevant to the relationship that Mr. Sisneros had with his daughters, which informs the inquiry how much emotional distress Mr. Sisneros suffered from his concerns about his daughters being stranded in Albuquerque. The Court will therefore allow the testimony. If, however, Mr. Sisneros implies that he was aware of his daughters' emotional state and appears to be seeking emotional distress damages for a period of time

outside the one day upon which his arrest occurred, he may be opening the door to cross-examination of the daughters regarding the relative degree of emotional trauma that they suffered during other events in their lives.  Thus, for the reasons stated on the record, and for further reasons consistent with those already stated, the Court will deny the Defendants' motion in limine.  The Court finds that the Defendants are entitled to a limiting instruction, however, reminding the jury that they are not to award damages to Mr. Sisneros for any perceived emotional distress caused to Rhiannon Salazar or Denise Sisneros.

Regarding the issue whether rule 32 applies, the Court finds that it does.  Rule 32(a) allows the introduction of deposition testimony to the extent that it is admissible under the Rules of Evidence, provided the requirements of the rule are met.  See Reeg v. Shaughnessy, 570 F.2d at 317.  No party has raised an issue regarding rule 32(a)(1)(A)'s requirement that the party against whom the deposition will be used was at the deposition, represented by counsel at the deposition, or had notice of the deposition.  See Fed. R. Civ. P. 32(a)(1)(A).  The Court will thus assume that this element was met.  There also appears to be no dispute whether Denise Sisneros is unavailable for the purpose of rule 32(a)(1)(C) and 32(a)(4) because she is more than one-hundred miles from the courthouse where the trial will be held.  The Defendants question only whether, if two witnesses reside in the same house, one of those witnesses can testify in person and the other still be deemed unavailable.

The Court concludes that there is no exception to rule 32(a) that makes deposition testimony inadmissible where the witness resides with a witness who has chosen to testify in person.  Rule 32(a)(4)(B), which deems a witness unavailable if he or she is more than 100 miles from the location of the trial, contains no requirement that the witness not reside with any witness who will be testifying at the trial in person.  Ms. Wells suggested that Denise Sisneros could get in the same

vehicle that Rhiannon Salazar is taking to testify at trial, and thus there is no reason that Denise Sisneros would be unavailable.  That argument is reasonable only if Rhiannon Salazar is traveling by car -- otherwise there would be additional cost involved with bringing Denise Sisneros -- and only if lack-of-transportation is the only reason that Denise Sisneros declines to testify in person.  On the contrary, Ryan Villa, Mr. Sisneros' attorney, represented that other concerns motivated the decision not to ask Denise Sisneros to travel to Albuquerque to testify in person, namely that Denise's young age would make testifying before the Court difficult and potentially traumatizing, and that Denise Sisneros would be required to miss school if she were to testify in person.  See Tr. at 15:14-25 (Villa).

Even without these justifications, Sisneros appears to have satisfied the requirements of rule 32(a) to make Denise's deposition testimony admissible.  Furthermore, the Defendants did not articulate any way in which they would be prejudiced by Denise Sisneros testifying by deposition rather than in person.  The Court will therefore allow Denise Sisneros to testify by deposition.

**IT IS ORDERED** that  the Defendants' Motion in Limine #2 -- Rhiannon Salazar and Denise Sisneros is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Robert R. Cooper
Ryan J. Villa
The Law Offices of Robert R. Cooper
Albuquerque, New Mexico

  *Attorneys for the Plaintiff*

Deborah D. Wells
Kennedy, Moulton & Wells, P.C.
Albuquerque, New Mexico

    *Attorney for the Defendants*