**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

DENNIS SISNEROS,

      Plaintiff,

vs.                                                           No. CIV 09-0213 JB/ACT

MICHAEL FISHER, in his individual capacity,
and THE COUNTY OF BERNALILLO,

      Defendants.

**ORDER**

**THIS MATTER** comes before the Court on: (i) the Motion in Limine to Exclude Evidence of Case That Was Pending When Mr. Sisneros Was Arrested, filed February 9, 2010 (Doc. 57)("Motion 1"); (ii) the Motion in Limine to Exclude Evidence of Plaintiff's Prior and Subsequent Criminal History, filed February 9, 2010 (Doc. 58)("Motion 2"); and (iii) the Motion in Limine to Exclude Evidence of Plaintiff's Subsequent Incarceration for Violation of Conditions of Release, filed February 9, 2010 (Doc. 59)("Motion 3").[1] The Court held a hearing on January 19, 2010. The primary issue is whether the Court should exclude aspects of Plaintiff Dennis Sisneros' criminal record from evidence at trial. For the reasons stated on the record, and for further reasons consistent with those already stated, the Court will grant in part and deny in part Motions 1 and 2, and grant Motion 3 on condition that Sisneros stipulate that he failed to mitigate his damages during the period of his subsequent incarceration for violating the terms of his supervised release.

---

[1] Although Sisneros filed three motions in limine, Defendants Michael Fisher and the County of Bernalillo answered in a single, consolidated response. See Defendants' Response to Plaintiff's First, Second and Third Motions in Limine Regarding Evidence of Plaintiff's Prior and Subsequent Criminal Charges and Incarcerations, filed February 16, 2010 (Doc. 79)("Response").

**1.     Motion #1 -- Sisneros' Pending DWI Charges.**

In the first motion, Sisneros seeks, under rules 401, 402, and 403 of the Federal Rules of Evidence, to exclude evidence of Sisneros' pending DWI case. See Motion 1 at 1-2. He argues, in short, that the pending case is not relevant to any issues in this case and that, if there is some relevance, the prejudicial effect that the evidence might cause substantially outweighs the probative value of the evidence. See Motion 1 at 2-3. In the alternative, Sisneros argues that, if the Court finds that there is probative value to the fact that Sisneros has a pending criminal suit against him, the nature of that suit -- that it is a DWI -- is not relevant and the Court should exclude mention of the nature of the alleged crime. See Motion 1 at 3-6. The Defendants insist that the fact of the pending charges is relevant to the length of Sisneros' detention -- an issue in this case -- but agree that the evidence should not reveal the nature of the charge. See Response at 1-2.

At the hearing, Ryan Villa, counsel for Sisneros, argued for excluding the fact of the pending charges, but conceded that rule 403 would likely be satisfied by limiting the evidence to show only that Sisneros had a pending misdemeanor charge, without specifying that the charge is for DWI. See Transcript of Hearing at 26:5-27:13 (taken January 19, 2010)(Villa)("Tr.")("[I]t sounds like the Court's ruling would be to limit it to a petty misdemeanor. I think . . . that would satisfy rule 403 and I would probably submit . . . .").[2] The Court grants Sisneros' first motion in part and denies it in part. The Court grants the motion to the extent that it seeks to exclude the nature of the pending misdemeanors charges against Sisneros -- i.e., there will be no mention or innuendo of the charge being a DWI -- but denies the motion insofar as it seeks to exclude the fact of a pending misdemeanor charge. That Sisneros had a criminal charge against him is relevant to his emotional

---

[2] The citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may have slightly different page and/or line numbers.

distress claim and, because it impacted his length of incarceration, to his loss of earnings.

**2.     Motion #2 -- Sisneros' Prior and Subsequent Criminal History.**

Sisneros' second motion seeks, pursuant to rules 402, 403, 404, 609, and 609, to exclude evidence of Sisneros' prior and subsequent criminal history. See Motion 2 at 1-3. The Defendants argue that the criminal history is relevant to several issues: (i) whether Sisneros should have recognized that Fisher was a plainclothes police officer when Fisher approached him; (ii) that the "hold" placed on Sisneros, extending his period of detention, was because of his prior arrest record; (iii) the degree of emotional distress that Sisneros suffered as a result of the false arrest in this case; and (iv) Sisneros' prior shoplifting conviction is relevant to the issue of his truthfulness. See Response at 2-8. The Court grants Sisneros' motion in part and denies it in part.

At the hearing, Mr. Villa first argued that emotional distress for being arrested for a crime that one committed is different in kind from the distress caused by being arrested for a crime that one did not commit. See Tr. at 34:9-37:24 (Villa). He also argued that, if the Defendants were allowed to delve too deeply into the details of Sisneros' past criminal history, the prejudicial effect of that evidence would quickly overwhelm its probative value, making it subject to exclusion under rule 403. See id. at 39:5-20 (Villa). Deborah Wells, the Defendants' attorney, argued that the case law Mr. Villa attempted to distinguish in his argument was, in fact, on point. See id. at 38:2-39:2. The Court grants this motion in part and denies it in part. The Court finds that Sisneros' prior shoplifting conviction is not relevant to show his character for truthfulness. See United States v. Farmer, 923 F.2d 1557, 1567 (11th Cir. 1991); United States v. Crawford, 613 F.2d 1045, 1052 (D.C. Cir. 1979)(holding that, without details of the shoplifting offense, court cannot determine whether shoplifting conviction is probative of truthfulness). On the other hand, the Court will allow the Defendants limited questioning about Sisneros' criminal history because it is relevant to the

-3-

degree of emotional distress that he suffered. The Defendants will be limited, however, to asking Sisneros to confirm whether he has or has not been arrested on particular dates, and how long, if at all, he spent in jail pursuant to those arrests. The Defendants may not ask about the nature of the suspected crimes that underlie each arrest.

3. **Motion #3 -- Sisneros' Subsequent Incarceration for Violation of Supervised Release.**

Sisneros' third motion seeks to exclude, pursuant to rules 401, 402, 403, and 404, any evidence that Sisneros was incarcerated after the events giving rise to this suit for violation of the conditions of his supervised release. See Motion 3 at 1. The Defendants assert that Sisneros' revocation of his supervised release is relevant to their argument that Sisneros failed to mitigate his damages, because Sisneros could not be mitigating his damages during the period of incarceration. See Response at 8-9. During the hearing, Mr. Villa suggested that Sisneros stipulate that he failed to mitigate his damages after the point at which he was picked up for violating conditions of supervised release. See Tr. at 31:11-32:1 (Villa). The Court finds this to be an equitable compromise that balances Sisneros' need to present evidence of his damages without opening the door to unnecessary prejudicial facts, and the Defendants' need to ensure that, if found liable, they do not pay damages that Sisneros could have mitigated. The Court will therefore grant Motion 3 on condition that Sisneros stipulate that he failed to mitigate his damages after the point at which he was arrested for violating the conditions of his supervised release.

**IT IS ORDERED** that (i) the Motion in Limine to Exclude Evidence of Case That Was Pending When Mr. Sisneros Was Arrested is granted in part and denied in part; (ii) the Motion in Limine to Exclude Evidence of Plaintiff's Prior and Subsequent Criminal History is granted in part and denied in part; and (iii) the Motion in Limine to Exclude Evidence of Plaintiff's Subsequent

Incarceration for Violation of Conditions of Release is conditionally granted.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Robert R. Cooper
Ryan J. Villa
The Law Offices of Robert R. Cooper
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Deborah D. Wells
Kennedy, Moulton & Wells, P.C.
Albuquerque, New Mexico

    *Attorney for the Defendants*