IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DENNIS SISNEROS,

       Plaintiff,

vs.                                                                                                        No. CIV 09-0213 JB/ACT

MICHAEL FISHER, in his individual capacity,
and THE COUNTY OF BERNALILLO,

       Defendants.

**ORDER**

       **THIS MATTER** comes before the Court on the Defendants' Motion in Limine #3 -- Art Archuleta, filed February 9, 2010 (Doc. 55). The Court held a hearing on February 19, 2010. The primary issue is whether and to what extent the Court should limit the deposition testimony of Art Archuleta, a witness whom Plaintiff Dennis Sisneros listed to be called at trial by deposition. Because Defendants Michael Fisher and the County of Bernalillo represented to the Court at the hearing that they no longer have any issues with Archuleta's testimony other than those raised in Defendants' Objections Regarding the Proposed Deposition Testimony of Art Archuleta, filed February 10, 2010 (Doc. 63)("Objections"), the Court will deny the Defendants' motion.

       The Defendants contend that Archuleta did not witness anything pertinent to the issues in this case, and that the Court should therefore exclude his testimony. See Motion at 1. They then take a step back from that position, asserting that "Mr. Archuleta has no relevant information with regard to plaintiff's claims after the point at which plaintiff left his home" and that therefore "he should be precluded from testifying about anything which occurred subsequent to plaintiff's departure." Motion at 2-3. The Defendants also object to Sisneros presenting Archuleta's testimony

by deposition for two reasons: (i) because the Defendants never took a "trial deposition" of Archuleta – rather, they only took a "discovery deposition;" and (ii) because Sisneros has failed to establish the requirements of rule 32(a) of the Federal Rules of Civil Procedure, which governs the use of deposition testimony during trials.  Motion at 3.

Sisneros argues that Archuleta's testimony is relevant regarding the events before Sisneros' encounter with Fisher:

> Mr. Archuleta's testimony about Plaintiff being with his daughters, asking them to watch his daughters while he went to get his keys, and not seeming angry or upset, all go to corroborate Mr. Sisneros's version of events.  If this portion of Mr. Archuleta's testimony is believed, it certainly makes it unlikely that Mr. Sisneros was fighting with Mr. Trujillo or was about to engage in a fight with him on a busy, public roadway.  Thus, his testimony is relevant to liability.

Response to Motion in Limine #3 -- Art Archuleta at 2, filed February 16, 2010 (Doc. 68).  Sisneros also informs the Court that, because Archuleta has a job in Las Vegas, Nevada that will last for approximately six weeks, beginning February 19, 2010, he is unavailable for the purposes of rule 32 of the Federal Rules of Civil Procedure and that the Court should therefore allow him to testify by deposition.  See Response at 3.

At the hearing, Deborah Wells, the Defendants' attorney, represented to the Court that she no longer had any issue with Archuleta's testimony other than those represented in her Objections.

> MS. WELLS:  I hate to keep interrupting the Court but I think I can short shrift a lot of this if the Court doesn't mind.
>
> THE COURT:  Okay.
>
> MS. WELLS:  I don't have any more objections to Art Archuleta.  My main objection was I didn't know and wasn't given an affidavit of unavailability at the time I filed my motion, and I never got to develop a full cross of him because I never thought he would not be anything other than live at trial.  I do, however, on to the portions of his deposition that I have designated in the objections to deposition . . . .

Transcript of Hearing at 16:21-17:6 (taken February 19, 2010)(Court, Wells)("Tr.").[1]  She also represented that she no longer had any issues with Archuleta's unavailability under rule 32(a).  See Tr. at 22:20-24, 24:1-3 (Court, Wells).

> **IT IS ORDERED** that the Defendants' Motion in Limine #3 -- Art Archuleta is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Robert R. Cooper
Ryan J. Villa
The Law Offices of Robert R. Cooper
Albuquerque, New Mexico

>    *Attorneys for the Plaintiff*

Deborah D. Wells
Kennedy, Moulton & Wells, P.C.
Albuquerque, New Mexico

>    *Attorney for the Defendants*

---

[1] The citations to the transcript of the hearing refer to the court reporter's original, unedited version.  Any final transcript may have slightly different page and/or line numbers.