# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

DENNIS SISNEROS,

       Plaintiff,

vs.                                       No. CIV 09-0213 JB/ACT

MICHAEL FISHER, in his individual capacity,
and THE COUNTY OF BERNALILLO,

       Defendants.

## COURT'S FINAL JURY INSTRUCTIONS
(with citations)

## INSTRUCTION NO. 1

MEMBERS OF THE JURY:

You have now heard all of the evidence in the case.

It becomes my duty, therefore, to instruct you on the rules of law that you must follow and apply in arriving at your decision in the case.

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to determine what evidence is relevant under the law for your consideration. It is also my duty at the end of the trial to instruct you on the law applicable to the case.

Standard Civil Jury Instructions, Jury Instruction 1, available at http://www.nmcourt.fed.us/web/ DCDOCS/Judges/parkerjurinst.html (unmodified)

**INSTRUCTION NO. 2**

You, as jurors, are the judges of the facts. But in determining what actually happened in this case -- that is, in reaching your decision as to the facts -- it is your sworn duty to follow the law I am now in the process of defining for you.

And you must follow all of my instructions as a whole. You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. That is, you must not substitute or follow your own idea or opinion as to what the law is or ought to be. It is your duty to apply the law as I give it to you, regardless of the consequences.

By the same token it is also your duty to base your verdict solely upon the evidence in the case, without prejudice or sympathy.

Standard Civil Jury Instructions, Jury Instruction 2, available at http://www.nmcourt.fed.us/web/ DCDOCS/Judges/parkerjurinst.html (unmodified)

**INSTRUCTION NO. 3**

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.  All persons stand equal before the law, and are to be dealt with as equals in a court of justice.

Standard Civil Jury Instructions, Jury Instruction 3, available at http://www.nmcourt.fed.us/web/ DCDOCS/Judges/parkerjurinst.html (unmodified)

**INSTRUCTION NO. 4**

It is a general rule in civil cases that a party seeking a recovery or a party relying upon a defense has the burden of proving every essential element of the claim or defense by the greater weight of the evidence.

To prove by the greater weight of the evidence means to establish that something is more likely true than not true. When I say, in these instructions, that the party has the burden of proof on the claims of unlawful detention and arrest in violation of the Fourth and Fourteenth Amendments, or for excessive force, assault, battery, false imprisonment, false arrest, and malicious abuse of process under state law, I mean that you must be persuaded that what is sought to be proved is more probably true than not true. Evenly balanced evidence is not sufficient.

Plaintiff's Requested Jury Instructions and Verdict Forms: With supporting Authority Citations, Instruction No. 1, at 2, filed February 16, 2010 (Doc. 75)

Canizales v. Armendariz et al., No. CIV 07-0198 JB/RHS, Court's Final Jury Instructions (with citations), Jury Instruction No. 4, at 4, filed August 6, 2008 (D.N.M.) (modified)

**INSTRUCTION NO. 5**

As stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record.

Remember that any statements, objections or arguments made by the lawyers are not evidence in the case. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

So, while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

Standard Civil Jury Instructions, Jury Instruction 8, available at http://www.nmcourt.fed.us/web/ DCDOCS/Judges/parkerjurinst.html (unmodified)

# INSTRUCTION NO. 6

You may consider either direct or circumstantial evidence.  "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness.  "Circumstantial evidence" consists of proof of facts or circumstances which give rise to a reasonable inference of the truth of the fact sought to be proved.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.

Standard Civil Jury Instructions, Jury Instruction 9, available at http://www.nmcourt.fed.us/web/ DCDOCS/Judges/parkerjurinst.html (unmodified)

## INSTRUCTION NO. 7

Now, I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of credibility or "believability" of each witness and the weight to be given to each witness's testimony. In weighing the testimony of a witness, and in determining the credit to be given to the testimony of the witness, you should consider the witness's relationship to Mr. Sisneros or to Mr. Fisher and the County of Bernalillo; the witness's interest, if any, in the outcome of the case; manner of testifying; ability and opportunity to observe or acquire knowledge concerning the facts about which the witness testified; candor, fairness and intelligence; the witness's memory; the witness's intent, bias, or prejudice that the witness may have; the reasonableness of the testimony, considered in light of all of the evidence in the case; and the extent to which the witness has been supported or contradicted by other credible evidence or previous statements inconsistent with the witness's present testimony. You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

Plaintiff's Requested Jury Instructions and Verdict Forms: With supporting Authority Citations, Instruction No. 2, at 3, filed February 16, 2010 (Doc. 75)

Canizales v. Armendariz et al., No. CIV 07-0198 JB/RHS, Court's Final Jury Instructions (with citations), Jury Instruction No. 8, at 8, filed August 6, 2008 (D.N.M.) (unmodified)

Arnall Mills v. Smallwood, 68 F.2d 57 (5th Cir. 1933)

<u>Kerr v. City of Chicago</u>, 424 F.2d 1134, 1138 (7th Cir. 1970)

<u>Roberts v. Hollocher</u>, 664 F.2d 200, 203-05 (8th Cir. 1981)

## INSTRUCTION NO. 8

A witness may be discredited or impeached by contradictory evidence or inconsistent conduct, or by evidence that at other times the witness has made material statements, under oath or otherwise, which are inconsistent with the present testimony of the witness.

If you believe that any witness has been impeached or discredited, it is your exclusive province to give the testimony of that witness only such credit as you may think it deserves.

Standard Civil Jury Instructions, Jury Instruction 11, available at http://www.nmcourt.fed.us/web /DCDOCS/Judges/parkerjurinst.html (unmodified)

**INSTRUCTION NO. 9**

Some evidence is admitted for a limited purpose only.  When I instructed you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

Standard Civil Jury Instructions, Jury Instruction 15, available at http://www.nmcourt.fed.us/web /DCDOCS/Judges/parkerjurinst.html (unmodified)

**INSTRUCTION NO. 10**

Deposition testimony is testimony that was taken under oath before trial and has been preserved in writing.  This testimony is entitled to the same consideration that you give any other testimony at this trial.

Standard Civil Jury Instructions, Jury Instruction 16, available at http://www.nmcourt.fed.us/web /DCDOCS/Judges/parkerjurinst.html (unmodified)

## INSTRUCTION NO. 11

Mr. Sisneros claims that Mr. Fisher, while acting "under color of state law," intentionally deprived him of rights under the Constitution of the United States.

Mr. Sisneros claims that Mr. Fisher, while acting under color of authority of the State of New Mexico as a member of the Bernalillo County Sheriff's Department, intentionally violated his constitutional rights. The federal constitutional right that Mr. Sisneros claims Mr. Fisher violated is the right to be free from unreasonable seizure under the Fourth Amendment to the Constitution of the United States.

A person may sue for an award of money damages against anyone who, "under color" of any State law or custom, intentionally violates his rights under the Constitution of the United States.

Mr. Sisneros must prove each of the following by a preponderance of the evidence:

1.   That Mr. Fisher intentionally committed acts that violated Mr. Sisneros' Federal constitutional right that I have described to you;

2.   That in so doing Mr. Fisher acted "under color" of the authority of the State of New Mexico; and

3.   That Mr. Fisher's acts were the proximate cause of Mr. Sisneros' damages.

In this case the parties have stipulated that Mr. Fisher acted "under color" of state law and you must accept that fact as proven. For Mr. Sisneros to prove that Mr. Fisher committed acts that violated Mr. Sisneros' federal constitutional right to be free from unreasonable seizure, Mr. Sisneros must prove by a preponderance of the evidence that: (i) Mr. Fisher detained him without reasonable suspicion; (ii) Mr. Fisher continued to detain him without reasonable suspicion to do so; (iii) Mr. Fisher arrested him without probable cause; and/or (iv) Mr. Fisher caused him to be arrested without probable cause.

In that regard you are instructed that under the law of the State of New Mexico

1.      A police officer has the right to arrest a person without a warrant whenever the officer reasonably believes that such person has committed a misdemeanor offense in the presence of the officer.

2.      Under the law of the State of New Mexico a police officer has the right to approach a person to investigate possible criminal behavior when the officer has reasonable suspicion, based on specific articulable facts and reasonable inferences made therefrom, that the law has been, or is currently being broken.

3.      Under the law of the State of New Mexico a police officer has the right to temporarily detain a person for questioning without a warrant whenever the officer has reasonable suspicion to believe that such person has committed an offense in violation of state law.

4.      Under the law of the State of New Mexico a police officer has the right to continue to detain and hold a person to investigate possible criminal behavior when the officer has reasonable suspicion, based on specific articulable facts and reasonable inferences made therefrom, that the law has been, or is currently being broken.

5.      For an officer to have probable cause to arrest a person, the facts and circumstances within the officer's knowledge must be such that they would lead a prudent person to believe that the arrested person had committed, or was in the process of committing, a crime.

Mr. Sisneros must also prove by a preponderance of the evidence that the act or failure to act by Mr. Fisher was a cause-in-fact of the damage he suffered. An act or a failure to act is a cause-in-fact of an injury or damages if it appears from the evidence that the act or omission played a

substantial part in bringing about or actually causing the injury or damages.  Mr. Sisneros must also prove by a preponderance of the evidence that the act or failure to act by Mr. Fisher was a proximate cause of the damage Mr. Sisneros suffered.  An act or omission is a proximate cause of Mr. Sisneros's injuries or damages if it appears from the evidence that the injury or damage was a reasonably foreseeable consequence of the act or omission.

Plaintiff's Requested Jury Instructions and Verdict Forms: With supporting Authority Citations, Instruction No. 3, at 4, filed February 16, 2010 (Doc. 75)(modified)

Defendants' Proposed Jury Instructions, Defendants' Proposed Instruction No. 1, at 2-3, filed February 17, 2010 (Doc. 81)(modified)

Fifth Circuit Pattern Jury Instructions 10.1, at 122-26 (2009)(modified)(**CIVIL RIGHTS 42 U.S.C. Section 1983 (Unlawful Arrest – Unlawful Search – Excessive Force) Qualified Immunity – Good Faith Defense**)

U.S. Const. amend. IV; *US v. Barraza-Martinez*, 2010 WL 381618 (10th Cir. 2/4/10);

*Romero v. Fay*, 45 F.3d 1472, 1476 (10th Cir. 1995);

*Trask v. Franco*, 446 F.3d 1036, 1046-47 (10th Cir. 2006)(citing *White v. Roper*, 901 F.2d 1501, 1506 (9th Cir. 1990));

*Andersen v. Nosser*, 456 F.2d 835 (5th Cir. 1972), *affirmed sub nom.  Nosser v. Bradley*, 409 U.S. 848 (1972);

*Reimer v. Smith*, 663 F.2d 1316 (5th Cir. 1981);

*See also* S. Nahmod, Civil Rights and Civil Liberties Litigation – The Law of Section 1983, §§ 3.17 and 3.18 (second edition 1986);

Mangieri v. Clifton, 29 F.3d 1012, (5th Cir. 1994);

Canizales v. Armendariz et al., No. CIV 07-0198 JB/RHS, Court's Final Jury Instructions (with citations), Jury Instruction No. 19, at 30, filed August 6, 2008 (D.N.M.)(modified)

Saucier v. Katz, 533 U.S. 194, 205 (2001)

Heck v. Humphrey, 512 U.S. 477, 484 (1994)

Farrar v. Hobby, 506 U.S. 103, 112 (1992)

Hunter v. Bryant, 502 U.S. 224, 227 (1991)

California v. Hodari D, 499 U.S. 621, 624-30 (1991)

Graham v. Connor, 490 U.S. 386, 396-397 (1989)

Davidson v. Cannon, 474 U.S. 344, 347-48 (1986)

Daniels v. Williams, 474 U.S. 327, 330-32 (1986)

Tennessee v. Garner, 471 U.S. 1, 7-8 (1985)

Florida v. Royer, 460 U.S. 491, 498 (1983)

Parratt v. Taylor, 451 U.S. 527, 534-35 (1981)

Maine v. Thiboutot, 448 U.S. 1, 4 (1980)

Gomez v. Toledo, 446 U.S. 635, 640 (1980)

Unites States v. Mendenhall, 446 U.S. 544, 554 (1980)

Martinez v. California, 444 U.S. 277 (1980)

Baker v. McCollan, 443 U.S. 137, 145-46 (1979)

Brown v. Texas, 443 U.S. 47, 50-51 (1979)

Dunaway v. New York, 442 U.S. 200, 213 (1979)

Michigan v. DeFillippo, 443 U.S. 31, 37 (1979)

Monell v. Dept of Social Services, City of N.Y., 436 U.S. 658, 690 (1978)

Carey v. Piphus, 435 U.S. 247, 266-67 (1978)

United States v. Brignoni-Ponce, 422 U.S. 873, 878 (1975)

Terry v. Ohio, 392 U.S. 1, 16, 20-22 (1968)

Pierson v. Ray, 386 U.S. 547, 555-57 (1967)

Novitsky v. City of Aurora, 491 F.3d 1244, 1257-58 (10th Cir. 2007)

Pierce v. Gilchrist, 359 F.3d 1279, 1289 (10th Cir. 2004)

Baptiste v. J.C. Penney Co., 147 F.3d 1252, 1259 (10th Cir. Colo. 1998)

Taylor v. Meacham, 82 F.3d 1556, 1561 (10th Cir. 1996)

Wilson v. Meeks, 52 F.3d 1547, 1553-54 (10th Cir. 1995)

Romero v. Fay, 45 F.3d 1472, 1476, 1478 (10th Cir. 1995)

Summers v. State of Utah, 927 F.2d 1165, 1166-67 (10th Cir. 1991)

DeLoach v. Bevers, 922 F.2d 618, 621 (10th Cir. 1990)

Trujillo v. Goodman, 825 F.2d 1453, 1459-60 (10th Cir. 1987)

United States v. Smith, 797 F.2d 836, 840 (10th Cir. 1986)

Lusby v. T.G. & Y. Stores, Inc., 749 F.2d 1423, 1433 (10th Cir. 1984)

McKay v. Hammock, 730 F.2d 1367, 1373 (10th Cir. 1984)

Wise v. Bravo, 666 F.2d 1328, 1333-34 (10th Cir. 1981)

Oliver v. Woods, No. 98-4179 (10th Cir. 4/17/2000)

Poser v. Doherty, 944 F.2d 91, 100 (2d Cir. 1991)

Anderson v. Nasser, 456 F.2d 835, 840-41 (5th Cir.), aff'd, 409 U.S. 848 (1972)

Mangieri v. Clifton, 29 F.3d 1012, 1016-17 (5th Cir. 1994)

Presley v. City of Benbrook, 4 F.3d 405, 409, 410 n.5 (5th Cir. 1993)

Auster Oil & Gas, Inc. v. Stream, 835 F.2d 597, 602 (5th Cir. 1988) cert. denied, 488 U.S. 848 (1988)

Reimer v. Smith, 663 F.2d 1316, 1322 (5th Cir 1981)

Dickserson v. McClellan, 101 F.3d 1151, 1160 (6th Cir. 1996)

-17-

Cox v. Treadway, 75 F.3d 230, 234 (6th Cir. 1996)

United States v. Adebayo, 985 F.2d 1333, 1337 (7th Cir. 1993)

United States v. Withers, 972 F.2d 837, 841 (7th Cir. 1992)

Benson v. Cady, 761 F.2d 335, 339 (7th Cir. 1985)

Bauer v. Norris, 713 F.2d 408, 412 (8th Cir. 1983)

United States v. Palmer, 603 F.2d 1286, 1288-90 (8th Cir. 1979)

Agee v. Hickman, 490 F.2d 210, 212 (8th Cir.), cert. denied, 417 U.S. 972 (1974)

Lopez v. House, No. CIV 87-1261 JB (D.N.M. 4/89)

Trujillo v. Stroud, No. CIV. 86-0668 JB (D.N.M. 1988)

Stewart v. Donges, No. CIV 87-0476 JC (D.N.M. 11/22/88), rev'd on other grounds, 915 F.2d 572 (10th Cir. 1990)

Boone v. State, 105 N.M. 223, 226, 731 P.2d 366, 369 (1986)

State v. Doe, 92 N.M. 100, 103, 583 P.2d 464, 467 (1978)

State v. Ray, 91 N.M. 67, 69, 570 P.2d 605, 607 (1977)

Mead v. O'Connor, 66 N.M. 170, 173, 344 P.2d 478, 481 (1959)

City of St, Louis Park & Berg, 443 N.W. 2d 87, 91 (Minn. 1988)

**INSTRUCTION NO. 12**

Under the Fourth Amendment, a seizure or arrest occurs when, based upon the totality of the circumstances, an officer, by means of physical force or show of authority, has in some way restrained the liberty of a person such that a reasonable person in the same position would not feel free to leave.

*California v. Hodari D.*, 499 U.S. 621, 625 (1991)

*Terry v. Ohio*, 392 U.S. 1, 19, n. 16 (1968)

*U.S. v. Thompson*, 546 F.3d 1223 (10th Cir. 2008)

## INSTRUCTION NO. 13

Under the Fourth Amendment, no person may be arrested without probable cause.  Probable cause is measured against an objective standard and evaluated in relation to the circumstances as they would appear to a prudent, cautious and trained police officer.  Probable cause exists if facts and circumstances within the arresting officer's knowledge and of which the officer has reasonable trustworthy information are sufficient to lead a prudent police officer to believe that the person being arrested has committed a crime.

Plaintiff's Requested Jury Instructions and Verdict Forms: With supporting Authority Citations, Instruction No. 4, at 10, filed February 16, 2010 (Doc. 75)

Canizales v. Armendariz et al., No. CIV 07-0198 JB/RHS, Court's Final Jury Instructions (with citations), Jury Instruction No. 11, at 21, filed August 6, 2008 (D.N.M.) (unmodified)

Romero v. Fay, 45 F.3d 1472, 1476 (10th Cir. 1995)

**INSTRUCTION NO. 14**

Probable cause for arrest is determined in terms of the circumstances confronting the arresting officer at the time of the arrest; therefore the validity or invalidity of the arrest is not undermined or determined by subsequent events that take place in a suspect's criminal prosecution, such as dismissal of the charges or an acquittal or a conviction.

Defendants' Proposed Jury Instructions, Defendants' Proposed Instruction No. 4, at 6, filed February 17, 2010 (Doc. 81)

Canizales v. Armendariz et al., No. CIV 07-0198 JB/RHS, Court's Final Jury Instructions (with citations), Jury Instruction No. 12, at 22, filed August 6, 2008 (D.N.M.) (unmodified)

*Summers v. State of Utah,* 927 F.2d 1165, 1166-67 (10th Cir. 1991)

**INSTRUCTION NO. 15**

When a person is arrested and charged with more than one offense, even if there is no probable cause to arrest for one of the offenses, such an arrest is not unlawful provided that there is probable cause for the arrest for at least one of the other offenses charged.

Defendants' Proposed Jury Instructions, Defendants' Proposed Instruction No. 5, at 7, filed February 17, 2010 (Doc. 81)

*Biddle v. Martin,* 992 F.2d 672 (7th Cir. 1993)*;*

*Richardson v. Bonds,* 860 F.2d 1427 (7th Cir. 1988)*;*

*United States v. Rambo,* 789 F.2d 1289, 1294 (8th Cir. 1986)

## INSTRUCTION NO. 16

An investigative detention is justified if the specific and articulable facts and rational inferences drawn from those facts give rise to a reasonable suspicion a person has or is committing a crime.  Reasonable suspicion exists when an officer has a particularized and objective basis for suspecting legal wrongdoing.  A determination that reasonable suspicion exists need not rule out the possibility of innocent conduct.  When determining if a detention is supported by reasonable suspicion, you must defer to the ability of a trained law enforcement officer to distinguish between innocent and suspicious actions.

*United States v. Santio,* 2009 LW 3526502 (10th Cir. 2009)

*United States v. Treto-Haro,* 287 F.3d 1000, 1004 (10th Cir. 2002)

*United States v. DeJear,* 552 F.3d 1196, 1200 (10th Cir.), cert denied, ___US___, 129 S.Ct. 2418, 173 L.Ed.2d 1322 (2009)

*Oliver v. Woods,* 209 F.3d 1179, 1187-88 (10th Cir. 2000)

*United States v. Zubia-Melendez,* 263 F.3d 1155, 1162 (10th Cir. 2001)

**INSTRUCTION NO. 17**

It is the duty of every police officer to: (1) investigate all violations of criminal laws of the state which are called to his attention or of which he is aware; (2) to diligently file a complaint if the circumstances are such as to indicate to a reasonably prudent person that such action should be taken; and (3) to cooperate with and assist with the prosecution.

Defendants' Proposed Jury Instructions, Defendants' Proposed Instruction No. 2, at 4, filed February 17, 2010 (Doc. 81)

NMSA Section 29-1-1

## INSTRUCTION NO. 18

The law authorizes a peace officer to suppress disturbances and breaches of the peace. The power and duty to suppress breaches of the peace includes the right to take any reasonable steps to prevent a breach of the peace from occurring when the officers have good reason to believe that a disturbance may take place.

Defendants' Proposed Jury Instructions, Defendants' Proposed Instruction No. 3, at 5, filed February 17, 2010 (Doc. 81)

*State v. Hilliard*, 107 N.M. 506, 760 P.2d 799 (Ct. App. 1988)

**INSTRUCTION NO. 19**

The New Mexico Tort Claims Act permits a person to sue for money damages if a law enforcement officer has deprived them of any state constitutional rights, or committed a battery, assault, false imprisonment, or malicious abuse of process.

Plaintiff's Requested Jury Instructions and Verdict Forms: With supporting Authority Citations, Instruction No. 6, at 12, filed February 16, 2010 (Doc. 75)(modified)

## INSTRUCTION NO. 20

Mr. Fisher was the employee of the County of Bernalillo at the time of the occurrence. Therefore, the County of Bernalillo is liable for any wrongful act or omission of Mr. Fisher under the New Mexico Tort Claims Act.

Plaintiff's Requested Jury Instructions and Verdict Forms: With supporting Authority Citations, Instruction No. 7, at 13, filed February 16, 2010 (Doc. 75)(modified)

*Weinstein v. City of Santa Fe*, 1996-NMSC-021, 121 N.M. 646, 651, 916 P.2d 1313, 1318

UJI 13-405 NMRA

**INSTRUCTION NO. 21**

Under Article II, Section 10 of the New Mexico Constitution, a citizen has the right not to be subjected to excessive force during the course of a detention or arrest.

Plaintiff's Requested Jury Instructions and Verdict Forms: With supporting Authority Citations, Instruction No. 6, at 12, filed February 16, 2010 (Doc. 75)(modified)

## INSTRUCTION NO. 22

Mr. Sisneros claims that Mr. Fisher violated his state constitutional rights when Mr. Fisher used excessive and unnecessary force in arresting him.  As a result of Mr. Fisher's actions, Mr. Sisneros claims that he suffered injury for which he seeks damages.

Mr. Fisher denies that any of his actions during the time in question violated Mr. Sisneros' constitutional rights.   Mr. Fisher claims that he was acting in good faith and with probable cause. Mr. Fisher further claims that he was not guilty of any fault or wrongdoing in regard to the incident sued upon.

In order to prove his claim under the state constitution, Mr. Sisneros must establish by a preponderance of the evidence each of the following elements:

(1)     Mr. Fisher intentionally committed acts which operated to deprive Mr. Sisneros of a right secured by the New Mexico Constitution;

(2)     in doing so, Mr. Fisher acted in the scope of his duties as a law enforcement officer; and

(3)     that Mr. Fisher's acts were the legal cause of Mr. Sisneros' damages.

In this case you are instructed that Mr. Fisher was acting in the scope of his duties as a law enforcement officer at the time of the acts complained of.  Mr. Sisneros alleges that Mr. Fisher used excessive force in arresting him.

New Mexico citizens are protected against the use of excessive force by the state Constitution.  In order to prove that Mr. Fisher used excessive force in violation of the state constitution, Mr. Sisneros must prove by a preponderance of the evidence:

1.     some harm, that

2.      resulted directly and only from the use of force that was clearly excessive to the need;  and the excessiveness of which was

3.      objectively unreasonable in light of the facts and circumstances at the time.

If Mr. Sisneros fails to prove any one of these elements, you must find for Mr. Fisher and the County of Bernalillo.

Some of the things you may want to consider in determining whether Mr. Fisher used excessive force are:  (1) the extent of the injury suffered, (2) the need for the application of force, (3) the relationship between the need and the amount of force used, (4) the threat reasonably perceived by the responsible officials, and (5) any efforts made to temper the severity of a forceful response.  Injuries which result from, for example, an officer's use of force to overcome resistance to arrest do not involve constitutionally protected interests.  An officer's use of excessive force does not give constitutional protection against injuries that would have occurred absent the excessive force.

The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.  The nature of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments -- in circumstances that are tense, uncertain, and rapidly evolving -- about the amount of force that is necessary in a particular situation.

This reasonableness inquiry is an objective one:  the question is whether the officer's actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.

Mr. Sisneros must also prove by a preponderance of the evidence that the act or failure to act by Mr. Fisher was a cause-in-fact of the damage Mr. Sisneros suffered.

If you should find for Mr. Sisneros and against Mr. Fisher, then you must decide the issue of damages.

Plaintiff's Requested Jury Instructions and Verdict Forms: With supporting Authority Citations, Instruction No. 6, at 12, filed February 16, 2010 (Doc. 75)(modified)

Plaintiff's Requested Jury Instructions and Verdict Forms: With supporting Authority Citations, Instruction No. 8, at 14, filed February 16, 2010 (Doc. 75)(modified)

Defendants' Proposed Jury Instructions, Defendants' Proposed Instruction No. 9, at 11, filed February 17, 2010 (Doc. 81)(modified)

Defendants' Proposed Jury Instructions, Defendants' Proposed Instruction No. 10, at 12, filed February 17, 2010 (Doc. 81)(modified)

Defendants' Proposed Jury Instructions, Defendants' Proposed Instruction No. 11, at 13, filed February 17, 2010 (Doc. 81)(modified)

Defendants' Proposed Jury Instructions, Defendants' Proposed Instruction No. 12, at 14, filed February 17, 2010 (Doc. 81)(modified)

Defendants' Proposed Jury Instructions, Defendants' Proposed Instruction No. 13, at 15, filed February 17, 2010 (Doc. 81)(modified)

Defendants' Proposed Jury Instructions, Defendants' Proposed Instruction No. 14, at 16, filed February 17, 2010 (Doc. 81)(modified)

Fifth Circuit Pattern Jury Instructions Civil 10.2, at 128-131(2009 Revised West)**(1983 Jury Charge)**(**Alternative Excessive Force Search**)(modified)

*Saucier v. Katz*, 533 US 194, 205 (2001); *Mead v. O'Connor*, 66 NM 170, 173, 344 P.2d 478, 481 (1959)

*Estate of Larsen v. Murr, et al.*, 511 F.3d 12155 (10th Cir. 2008)

*Wilson v. Meeks*, 52 F.3d 1547, 1553-54 (10th Cir. 1995)

*Graham*, 490 U.S. 386, 397; 109 S.Ct. 1865 (1989)

*Terry v. Ohio*, 396 U.S. 1, 23-24 (1968)

*Dickerson v. McClellan*, 101 F.3d 1151, 1160 (6th Cir. 1996)

*Medina v. Cram*, 252 F.2d 1124, 1133 (10th Cir. 2001)

*Mangieri v. Clifton*, 29 F.3d 1012 (5th Cir. 1994)

*Presley v. City of Benbrook*, 4 F.3d 405, 409, 410 n.5 (5th Cir. 1993)

*Johnson v. Morel*, 876 F.2d 477, 479 (5th Cir. 1989)

*See Andersen v. Nosser*, 456 F.2d 835 (5th Cir. 1972), *affirmed sub nom*

*Nosser v. Bradley*, 409 U.S. 848, 93 S.Ct. 53, 34 L.Ed.2d 89 (1972)

*Reimer v. Smith*, 663 F.2d 1316 (5th Cir. 1981)

*See also* S. Nahmod, Civil Rights and Civil Liberties Litigation – The Law of Section 1983, sections 3.17 and 3.18 (second edition 1986)

*Knight v Caldwell*, 970 F.2d 1430 (5th Cir. 1992);

*See Hudson v. McMillian,* 503 U.S. 1, 112 S.Ct. 995, 117 L.Ed.ed 156, 60 U.S.L.W 4151 (1992)

Pattern Jury Instructions 10.5 infra.

**INSTRUCTION NO. 23**

For Mr. Sisneros to prove that Mr. Fisher committed the tort of battery,  Mr. Sisneros must prove each of the following by a preponderance of the evidence:

*First*, that Mr. Fisher unlawfully and intentionally caused a harmful or offensive contact with the person of Mr. Sisneros, or an imminent apprehension of such a contact; and

*Second*, that an offensive contact with Mr. Sisneros directly or indirectly resulted.

Defendants' Proposed Jury Instructions, Defendants' Proposed Instruction No. 16, at 18, filed February 17, 2010 (Doc. 81)(modified)

UJI 14-320.  Battery (modified)

## INSTRUCTION NO. 24

For Mr. Sisneros to prove that Mr. Fisher committed the tort of assault, Mr. Sisneros must prove each of the following by a preponderance of the evidence:

*First*, that Mr. Fisher acted in a manner that caused Mr. Sisneros to reasonably believe he was in danger of receiving an immediate battery; and

*Second*, that a reasonable person in the same circumstances as Mr. Sisneros would have had the same belief.

Defendants' Proposed Jury Instructions, Defendants' Proposed Instruction No. 15, at 17, filed February 17, 2010 (Doc. 81)(modified)

UJI 14-302, NMRA 2005.  Assault.  (modified)

## INSTRUCTION NO. 25

For Mr. Sisneros to prove that Mr. Fisher committed the tort of false imprisonment, Mr. Sisneros must prove each of the following by a preponderance of the evidence:

*First*, that Mr. Fisher intentionally confined or restrained Mr. Sisneros;

*Second*, that Mr. Sisneros did not consent to confinement or restraint;

*Third*, that Mr. Fisher knew that he had no lawful authority to confine or restrain Mr. Sisneros; and

*Fourth*, that the restraint, detention or confinement caused Mr. Sisneros harm.

Defendants' Proposed Jury Instructions, Defendants' Proposed Instruction No. 17, at 19, filed February 17, 2010 (Doc. 81)(modified)

*Scull v. New Mexico,* 236 F.3d 588, 599 (10th Cir. 2000), citing *Diaz v. Lockheed Electronics,* 618 P.2d 372, 376 (N.M. Ct. App. 1980)

*Santillo v. NM Dep't of Public Safety,* 143 NM 84, 88, 173 P.3d 6, 10 (Ct. App. 2007)

**INSTRUCTION NO. 26**

An officer who has probable cause to arrest a person cannot be held liable for false arrest or false imprisonment, since probable cause provides him with the necessary authority to carry out the arrest.

Defendants' Proposed Jury Instructions, Defendants' Proposed Instruction No. 8, at 10, filed February 17, 2010 (Doc. 81)(modified)

*Santillo v. New Mexico Dept. of Public Safety, et al.,* 143 NM 84, 173 P.3d 6, 2007-NMCA-159 (Ct. App. 2007)

**INSTRUCTION NO. 27**

For Mr. Sisneros to prove that Mr. Fisher committed the intentional tort of false arrest, Mr. Sisneros must prove that the facts available to Mr. Fisher would not warrant a person of reasonable caution to believe detention appropriate.

Defendants' Proposed Jury Instructions, Defendants' Proposed Instruction No. 18, at 20, filed February 17, 2010 (Doc. 81)(modified)

Fuersch v. Southwest Airlines Co., 439 F.3d 1197, 1207 (10th Cir. 2006)

### INSTRUCTION NO. 28

For Mr. Sisneros to prove that Mr. Fisher committed the tort of malicious abuse of process, Mr. Sisneros must prove each of the following by a preponderance of the evidence:

*First*, that Mr. Fisher lacked probable cause to initiate criminal proceedings;

*Second*, that a primary motive in misusing the process was to accomplish an illegitimate end; and

*Third*, that Mr. Sisneros suffered damages as a result.

Defendants' Proposed Jury Instructions, Defendants' Proposed Instruction No. 19, at 21, filed February 17, 2010 (Doc. 81)(modified)

Defendants' Proposed Jury Instructions, Defendants' Proposed Instruction No. 20, at 22, filed February 17, 2010 (Doc. 81)(modified)

*Durham v. Guest*, 145 N.M. 694, 701, 204 P.3d 19, 26 (2009)

**INSTRUCTION NO. 29**

An independent intervening cause interrupts and turns aside a course of events and produces that which was not foreseeable as a result of an earlier act or omission.  A superseding cause relieves a defendant of liability.

Defendants' Proposed Jury Instructions, Defendants' Proposed Instruction No. 21, at 23, filed February 17, 2010 (Doc. 81)(modified)

Defendants' Proposed Jury Instructions, Defendants' Proposed Instruction No. 22, at 24, filed February 17, 2010 (Doc. 81)(modified)

*Trask v. Franco,* 446 F.3d 1036, 1046-47 (10th Cir. 2006)

*UJI 13-306.*  Independent Intervening Cause

**INSTRUCTION NO. 30**

If you find for Mr. Sisneros on any of his claims, and against Mr. Fisher on his defenses, you must then decide the issue of Mr. Sisneros' damages.

Plaintiff's Requested Jury Instructions and Verdict Forms: With supporting Authority Citations, Instruction No. 9, at 15, filed February 16, 2010 (Doc. 75)(modified)

Canizales v. Armendariz et al., No. CIV 07-0198 JB/RHS, Court's Final Jury Instructions (with citations), Jury Instruction No. 21, at 32, filed August 6, 2008 (D.N.M.) (modified)

**INSTRUCTION NO. 31**

You are not to engage in any discussion of damages unless you have first determined that there is liability, as elsewhere covered in these instructions.

The fact that you are given instructions on damages is not to be taken as an indication as to whether the court thinks damages should or should not be awarded.

Standard Civil Jury Instructions, Jury Instruction 20, available at http://www.nmcourt.fed.us/web /DCDOCS/Judges/parkerjurinst.html (unmodified)(modified)

INSTRUCTION NO. 32

If you should decide in favor of Mr. Sisneros on the questions of liability, you must then fix the amount of money which will reasonably and fairly compensate Mr. Sisneros for any of the following elements of damages you find have been proven by him to have resulted from the violation of his rights by Mr. Fisher:

1.    the amount of money paid for his defense of the criminal case;

2.    the physical harm to Mr. Sisneros during and after the detention and arrest, including physical pain, suffering, ill health or discomfort arising from the excessive force used to detain him, and arrest him;

3.    the loss of liberty resulting from his arrest; and

4.    the emotional anguish, outrage, and trauma suffered by Mr. Sisneros, on the day of the incident as the result of being separated from his children, knowing his children were stranded without him and knowing on that day that he would not be able to spend the day and following week with them.  In this regard, you are specifically instructed that Mr. Sisneros is not seeking emotional damages for any other aspect of the case including from the arrest.  You are instructed that you may not award any damages to Mr. Sisneros for any perceived emotional distress experienced by Rhiannon Salazar and Denise Sisneros.

Whether any of these damages have been proven by the evidence is for you to determine. Your verdict must be based on proof and not upon speculation, guess or conjecture.

Further, sympathy or prejudice for or against a party should not affect your verdict and is not a proper basis for determining damages.

-42-

Plaintiff's Requested Jury Instructions and Verdict Forms: With supporting Authority Citations, Instruction No. 10, at 16, filed February 16, 2010 (Doc. 75)

Defendants' Supplemental Proposed Jury Instructions, Defendants' Proposed Instruction No. 25, at 2, filed February 22, 2010 (Doc. 105)(modified)

Defendants' Order, filed February 20, 2010 (Doc. 100)

Canizales v. Armendariz et al., No. CIV 07-0198 JB/RHS, Court's Final Jury Instructions (with citations), Jury Instruction No. 22, at 33, filed August 6, 2008 (D.N.M.) (modified)

## INSTRUCTION NO. 33

In this case, Mr. Sisneros seeks to recover punitive damages from the defendants.  You may consider punitive damages only if you first find that Mr. Sisneros should recover compensatory damages.

If you find that the conduct of Mr. Fisher was malicious, willful, reckless, or wanton, then you may award punitive damages against the defendants.

1.      Malicious conduct is the intentional doing of a wrongful act with knowledge that the act was wrongful.

2.      Willful conduct is the intentional doing of an act with utter indifference to the consequences.

3.      Reckless conduct is the doing of an act with indifference to or conscious disregard for a person's rights.

Punitive damages are awarded for the limited purpose of punishment and to deter similar conduct by other police officers.

The amount of punitive damages must be based on reason and justice taking into account all of the circumstances, including the nature of the wrong and such aggravating and mitigating circumstances as may be shown.  The amount awarded, if any, must be reasonably related to the actual damages and injury and not disproportionate to the circumstances.


Plaintiff's Requested Jury Instructions and Verdict Forms: With supporting Authority Citations, Instruction No. 11, at 17, filed February 16, 2010 (Doc. 75)(modified)

Canizales v. Armendariz et al., No. CIV 07-0198 JB/RHS, Court's Final Jury Instructions (with citations), Jury Instruction No. 26, at 37, filed August 6, 2008 (D.N.M.) (unmodified)

Smith v. Wade, 461 U.S. 30, 34-35 (1983)

<u>Berry v. City of Muskogee</u>, 900 F.2d 1489, 1496 (10th Cir. 1990)

<u>Silver v. Cormier</u>, 529 F.2d 161, 163 (10th Cir. 1976)

<u>Benson v. Cady</u>, 761 F.2d 335, 339 (7th Cir. 1985)

**INSTRUCTION NO. 34**

Upon retiring to the jury room you should first elect a foreperson who will preside over your deliberations and will be your spokesperson here in court.

A form of verdict has been prepared for your convenience. You will take the verdict form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign it and then return to the courtroom.

If, during your deliberations, you should desire to communicate with me, please put your message or question in writing signed by the foreperson, and pass the note to the court security officer who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom. I caution you, however, with regard to any message or question you might send, that you should never state your numerical division.

Standard Civil Jury Instructions, Jury Instruction 28, available at http://www.nmcourt.fed.us/web /DCDOCS/Judges/parkerjurinst.html (unmodified)   (modified)

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

DENNIS SISNEROS,

       Plaintiff,

vs.                                      No. CIV 09-0213 JB/ACT

MICHAEL FISHER, in his individual capacity,
and THE COUNTY OF BERNALILLO,

       Defendants.

## <u>JURY VERDICT FORM</u>

On the questions submitted, we the jury find as follows:

**<u>Question No. 1:</u>** Do you find by a preponderance of the evidence that Michael Fisher

violated Dennis Sisneros' Fourth Amendment Rights under 42 U.S.C. § 1983 on June 17, 2007?

      Answer: _____ (Yes or No)

[If you answered "Yes" to Question No. 1, proceed to Question No. 2.  If you answered    "No" to
Question No. 1, skip Question No. 2 and proceed to Question No. 3]

**<u>Question No. 2:</u>** Was the conduct of Michael Fisher for unlawful seizure a proximate cause

of damages to Plaintiff Dennis Sisneros?

      Answer: _____ (Yes or No)

[Proceed to Question No. 3]

**<u>Question No. 3:</u>** Do you find by a preponderance of the evidence that Michael Fisher

violated the New Mexico Constitution by applying excessive force to Dennis Sisneros?

      Answer: _____ (Yes or No)

[If you answered "Yes" to Question No. 3, proceed to Question No. 4.  If you answered "No" to Question No. 3, skip Question No. 4 and proceed to Question No. 5]

**Question No. 4:** Was the conduct of Michael Fisher in applying unlawful force a proximate

cause of damages to Plaintiff Dennis Sisneros?

Answer: _____ (Yes or No)

[Proceed to Question No. 5]

**Question No. 5:**  Do you find by a preponderance of the evidence that Michael Fisher did

commit battery on Dennis Sisneros on June 17, 2007?

Answer: _____ (Yes or No)

[If you answered "Yes" to Question No. 5, proceed to Question No. 6.  If you answered "No" question No. 5, proceed to Question No. 7]

**Question No. 6:**   Was the conduct of Michael Fisher for battery a proximate cause of

damages to Plaintiff Dennis Sisneros?

Answer: _____ (Yes or No)

[Proceed to Question No. 7]

**Question No. 7:**  Do  you find by a preponderance of the evidence that Michael Fisher did

assault Dennis Sisneros on June 17, 2007?

Answer: _____ (Yes or No)

[If you answered "Yes" to Question No. 7, proceed to Question No. 8.  If you answered "No" question No. 7, proceed to Question No. 9]

**Question No. 8:**   Was the conduct of Michael Fisher for assault a proximate cause to

Plaintiff Dennis Sisneros?

Answer: _____ (Yes or No)

[Proceed to Question No. 9]

**Question No. 9:**  Do you find by a preponderance of the evidence that Michael Fisher falsely

imprisoned Dennis Sisneros on June 17, 2007?

[If you answered "Yes" to Question No. 9, proceed to Question No. 10.  If you answered "No"
question No. 9, proceed to Question No. 11]

**Question No. 10:**  Was the conduct of Michael Fisher for false imprisonment a proximate

cause of damages to Plaintiff Dennis Sisneros?

Answer: _____ (Yes or No)

[Proceed to Question No. 11]

**Question No. 11:**  Do you find by a preponderance of the evidence that Michael Fisher

committed the New Mexico tort of malicious abuse of process against Dennis Sisneros?

Answer: _____ (Yes or No)

[If you answered "Yes" to Question No. 11, proceed to Question No. 12.  If you answered "No"
question No. 11, proceed to Question No. 13]

**Question No. 12:**  Was the conduct of Michael Fisher for malicious abuse of process a

proximate cause of damages to Plaintiff Dennis Sisneros?

Answer: _____ (Yes or No)

[Proceed to Question No. 13]

**Question No. 13:**  In accordance with the instructions given on compensatory damages, we

find that the following amount of actual damages will adequately compensate the Plaintiff Dennis

Sisneros:

Answer: _____ (Yes or No)

Compensatory Damages        $_____

**Question No. 14:**  If you find liability and damages for Dennis Sisneros, do you find that punitive damages should be awarded against Defendant Fisher?

Answer: _____ (Yes or No)

**Question No. 15:**  If so, how much?

Punitive Damages              $_____

Your foreperson must now sign and date this verdict form, and you will return to open court.

Date_____              Foreperson_____

Plaintiff's Requested Jury Instructions and Verdict Forms: With supporting Authority Citations, Instruction No. 19-22, filed February 16, 2010 (Doc. 75)